```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 20, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA

                    24-CR-295 (KMW)

    v.

                    **OPINION & ORDER**

STEVEN CERUTI,

        Defendant.
---------------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Defendant Steven Ceruti was indicted on May 9, 2024 on one count of possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On August 22, 2024, Ceruti moved to dismiss the indictment, relying on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), arguing that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. (ECF Nos. 9-10.) The government filed a memorandum of law in opposition (ECF No. 11), and Ceruti filed a reply (ECF No. 12). After considering the parties' submissions, the Court now denies the motion.

## BACKGROUND

The government alleges that Ceruti fled from New York City Police Department officers and threw an object from his body during the chase. (ECF No. 11, at 1.) The object was later identified as a ".380 caliber Sig-Sauer loaded with four rounds of ammunition." *Id.* Ceruti acknowledges he has three prior felony convictions: one New York state conviction for attempted assault in the second degree, in violation of New York Penal Law § 120.05(2), and

1

two federal convictions (in 2016 and 2019) for possession of a firearm following a felony conviction, in violation of § 922(g)(1).  (ECF No. 10, at 3-4.)

## LEGAL STANDARD

The Second Amendment to the Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  Although the Second Amendment confers "an individual right to keep and bear arms," *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), that right "is not unlimited," *id.* at 626.  The Supreme Court has repeatedly recognized limits to the Second Amendment right, including "longstanding prohibitions on the possession of firearms by felons."  *Id.* at 626-27; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality).

Section 922(g)(1) criminalizes the possession of a firearm by individuals who have been convicted of a felony.  In 2013, the Second Circuit affirmed the constitutionality of § 922(g)(1) in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), noting that "the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'"  *Id.* at 281 (quoting *Heller*, 554 U.S. at 626).  *Bogle* remains binding on this Court.

## DISCUSSION

Ceruti argues that § 922(g)(1) is facially unconstitutional because "there were no broad-sweeping felon-disarmament laws in place when the Second Amendment was adopted in 1791," making § 922(g)(1) inconsistent with this Nation's historical tradition.  (ECF No. 10, at 4, 9.)

Ceruti contends that the Supreme Court's language in *Heller* and *McDonald*, upholding the validity of "longstanding prohibitions" on firearm possession by felons, is "non-binding dicta." (ECF No. 10, at 12-13; ECF No. 12, at 1-2.) Ceruti's contention is meritless, given that the Second Circuit held otherwise in *Bogle*, that prohibition of firearm possession by a felon is constitutional. Recent Supreme Court Second Amendment jurisprudence further bolsters this view.[1] This Court therefore rejects Ceruti's facial challenge and upholds § 922(g)(1) as constitutional.

Ceruti also argues that § 922(g)(1) is unconstitutional as applied to him because "neither of the prior federal firearm offenses involve violent acts" and the New York state attempted assault conviction "does not require proof of physical injury." (ECF No. 10, at 11.) Ceruti's conviction in state court of attempted assault in the second degree, just one of the predicates for the § 922(g)(1) charge here, is classified as a violent offense. *See* N.Y. Penal Law § 70.02(1)(c). Ceruti therefore is within the class of people whose Second Amendment rights may be restricted.

---

[1] The Supreme Court's decision six months ago in *United States v. Rahimi*, 602 U.S. 680 (2024) upheld 18 U.S.C. § 922(g)(8) as consistent with the Nation's historical tradition of firearm regulation. Section 922(g)(8) prohibits individuals subject to domestic violence restraining orders from possessing a firearm. In reaching its decision, an 8-1 majority of the Court surveyed this nation's long history of firearm regulations prohibiting dangerous individuals from possessing arms. The Court's rationale applies here, where Ceruti has three prior felony convictions, including one for attempted assault in the second degree. *See Rahimi*, 602 U.S. at 698 ("Taken together, the surety and going armed laws confirm what common sense suggests: When an individual *poses a clear threat of physical violence to another*, the threatening individual may be disarmed." (emphasis added)); *id.* at 700 ("Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others.").

**CONCLUSION**

For the foregoing reasons, Ceruti's motion to dismiss the indictment is denied. The Clerk of Court is respectfully directed to close the motion at ECF No. 9.

SO ORDERED.

Dated: New York, New York
December 20, 2024

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge